# Sellers, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—" Stop, look and listen "—Nonsuit.*

In an action against a railroad company to recover damages for personal injuries, it appeared by the plaintiff's own testimony that he stopped his wagon at a point 101 feet from the grade crossing where he was injured, and looked and listened. At that point it was admitted that he had an uninterrupted view of the track for at least 672 feet, the weight of the evidence being that it was 972 feet. As he approached the railroad his view gradually extended, until just before coming on the tracks he could see 1,429 feet. His horse was struck on the track; whether or not the carriage actually reached the track did not appear. *Held,* that a nonsuit was properly entered.

Argued Feb. 7, 1906. Appeal, No. 17, Jan. T., 1906, by plaintiff, from order of C. P. Bucks Co., Jan. T., 1904, No. 17, refusing to take off nonsuit in case of Josiah Sellers v. The Philadelphia & Reading Railway Company. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STOUT, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Henry A. James*, with him *Harvey S. Kiser*, for appellant.

*Henry D. Paxson* and *William C. Ryan*, for appellee, were not heard.

PER CURIAM, March 5, 1906:

By appellant's own testimony he stopped at the bridge 101 feet from the railroad and looked and listened. At that point it was admitted that he had an uninterrupted view of the track for at least 672 feet, the weight of the evidence being that it was 972 feet. As he approached the railroad his view gradually extended, until just before coming on the track he could see 1,429 feet. His horse was struck on the track; whether or not the carriage actually reached the track did not appear. The learned judge held that the case was clearly within the line of cases from Carroll v. Penna. R. R. Co., 12 W. N. C. 346, down to Harvey v. Erie R. R. Co., 210 Pa. 95, and properly entered a nonsuit.

Judgment affirmed.